# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROLAND C. ANDERSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | C.A. No. N18A-11-005 CEB |
| v. | ) | |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: March 18, 2019
Decided:  June 27, 2019

## MEMORANDUM OPINION

*Appeal From the*
*Industrial Accident Board.*
**AFFIRMED.**

Roland C. Anderson, *Pro Se* Appellant.

Lori A. Brewington, Esquire and Renée M. Mosley, Esquire, RICHARDS LAYTON & FINGER, P.A., Wilmington, Delaware. Attorneys for Appellee.

**BUTLER, J.**

## FACTS

Roland C. Anderson ("Anderson") worked for General Motors, LLC ("GM") for six months in 1982. Fifteen years later, he filed a claim with the Industrial Accident Board ("IAB") alleging he suffered a work-related shoulder injury while so employed. The IAB determined that Anderson's claim was barred by the statute of limitations. Shortly thereafter, Anderson took his first appeal to this Court. The Court remanded Anderson's appeal to the IAB for a determination of the "trigger date" to establish the statute of limitations. The IAB ruled that Anderson knew or should have known about the injury during the six months that he worked at GM in 1982.

Several more rounds of appeals followed between the IAB and Superior Court, with Mr. Anderson appealing IAB dismissals to the Superior Court and the Superior Court in turn affirming the IAB dismissals. Once in 2000, Anderson filed a *writ of certiorari* to the Delaware Supreme Court. The Supreme Court upheld the IAB's dismissal of the case.

All was quiet, for more than fifteen years. Then in November of 2016, Anderson filed a debt action in Justice of the Peace Court against GM's insurance claims administrator, Sedgwick, alleging that GM had informed the Centers for Medicare and Medicaid Services ("CMS") that it was the primary insurance carrier responsible for Anderson's workers' compensation claim. Consideration of the debt

1

action was summarily denied when the J.P. Court concluded that it lacked jurisdiction to consider the matter.[1]

Around September 2017, Anderson incurred medical expenses related to an arthritic shoulder. He submitted the bills to CMS for payment. It appears that when asked by CMS, Anderson told CMS that the injury for which he sought compensation was related to his work related shoulder injury from back in 1982. Apparently based on nothing more than Anderson's say so, CMS wrote to GM and assigned GM liability for $1,800.87 in conditional payments for Anderson's health care expenses, but noted that GM was welcome to dispute the claim of its liability for conditional payments if GM believed the assignment was inaccurate.

In August 2018, GM wrote to CMS denying responsibility, attaching the orders from all three courts that had dismissed Anderson's claims against GM as proof. A month later, in September 2018, Appellant filed a motion to reopen his original IAB claim, stating that he had new evidence and requesting an expedited hearing. GM promptly moved to dismiss.

The IAB gave Anderson a hearing in October 2018, at which time he claimed his new evidence was a portion of the letter from CMS to GM. Anderson alleges that the letter proves that GM committed fraud in denying its liability for his 1982

---

[1] *Anderson v. Sedgwick Claims Mgmt. Servs., Inc.*, JP13-16-003840 (Del. J.P. Ct. Feb. 15, 2017).

2

worker's compensation claim. The IAB ruled that the CMS letter does not constitute new evidence. The IAB also ruled that there was no evidence that GM misled the IAB, the courts or Anderson or that GM had accepted liability for his CMS claim. This appeal followed.

## DISCUSSION

The only reason this case has revisited the Court's docket so long after its resolution is the letter from CMS and the response of Sedgwick. CMS said this in August, 2017:

> Medicare has identified a claim or number of claims for which you have primary payment responsibility and Medicare has made primary payment. Medicare must recover these payments from the entity responsible …
>
> As of the date of this letter, the CRC has determined that Medicare has paid at least $1,800.97 in conditional payments. The Payment Summary Form listing the Part A and Part B Fee-for-Service claims that comprise this total, is enclosed with this letter.
>
> Please be advised, *this case file is still being investigated* to obtain any other outstanding Medicare conditional payments; therefore, the enclosed listing of current conditional payments is not final.
>
> *If you believe* the enclosed itemization of conditional payments is incomplete, inaccurate, or *that you are not responsible for repaying Medicare for these payments, please provide documentation along with an explanation to support your dispute* …

(Emphasis added).[2]

---

[2] Appellee's Answering Brief on Appeal, August 2, 2018 Letter from CMS to GM re: Claim Liability, *Smith v. Delaware*, No N18A-11-005 CEB, (Del. Super. Ct. March 04, 2019), ECF No. 9, Exhibit G.

Clearly, CMS would have had no knowledge of any claim by Anderson that his condition was caused by a work related injury at GM over 25 years earlier if Anderson had not told them so when he applied for the benefit. CMS assigned liability to GM because Anderson said it belonged to GM but CMS said further, in effect, that if GM thinks CMS is wrong about that, it should say so.

GM did say so. Through its administrator, Sedgwick, it said:

> Sedgwick CMS … acknowledges receipt of your conditional payment notice dated 8/2/18. This is a denied Delaware Workers' Compensation claim for left shoulder arthritis (ICD-9 code, 726.2). General Motors does not retain the ongoing responsibility for medical for Mr. Anderson's left shoulder arthritis condition claim.
> We have included the orders regarding this denied claim.[3]

When GM responded to CMS that the claim had been adjudicated through the court system and had been dismissed, that was not false or misleading; those were facts. Only by presenting the IAB with half the information – that Medicare had conditionally assigned liability to GM – could Anderson make this argument at all. But CMS's letter, or at least Anderson's distorted presentation of it, is not a finding that GM lied. It is not even evidence that GM lied. Anderson's argument is itself misleading and false. Half-truths are not whole truths.

---

[3] Appellee's Answering Brief on Appeal, August 10, 2018 Letter from GM to CMS Denying Anderson Claim Liability, *Smith v. Delaware*, No N18A-11-005 CEB, (Del. Super. Ct. March 04, 2019), ECF No. 9, Exhibit H.

There is much that can be said about an attempt to revive a 20-year old case that was dismissed on procedural grounds, leaving the claimant without a final adjudication on the underlying dispute. It is surely frustrating to Mr. Anderson. But statutes of limitations are serious business and are intended to keep matters moving and to avoid allowing disputes to fester for years. Nothing in Anderson's pleadings remotely suggests there was some miscarriage of justice here or that GM did anything but what any other employer would have responsibly done. The Court therefore affirms the decision of the IAB.

## CONCLUSION

For the reasons set forth herein, the decision of the Industrial Accident Board is **AFFIRMED**.

Judge Charles E. Butler

5